IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| VALLEY FORGE LIFE INSURANCE COMPANY | : : : | |
| Plaintiff, | : : | |
| v. | : : : | Civil Action No. 7:07-cv-0063(HL) |
| SHEREE A. ROCKMORE, VICKIE STRICKLAND, and EUNICE NELL RIDINGS | : : : : : | |
| Defendants. | : : | |

# ORDER

Defendant Sheree A. Rockmore, a claimant in this interpleader action, has filed a Motion for Default Judgment (Doc. 24) against the other two Defendants. For the following reasons, Defendant's Motion for Default Judgment is granted.

**I.  FACTS**

On June 12, 2007, Plaintiff Valley Forge Life Insurance Company ("Valley Forge") filed this interpleader action pursuant to 28 U.S.C. § 1335 to determine which Defendants are entitled to the proceeds of a life insurance policy that Plaintiff issued to Henry D. Ridings. On August 6, 2007, Defendant Sheree Rockmore filed an Answer and Claim to the life insurance proceeds, asserting that she is the primary beneficiary to the life insurance policy. The other two Defendants never filed a claim to the insurance proceeds, and Defendant Rockmore filed a Motion for Entry of Default on January 14, 2008, which the clerk entered on January 15, 2008. On January 15, 2008, Defendant Rockmore filed this

1

Motion for Default Judgment. As of the date the Motion was filed, 148 days had expired since Defendant Strickland acknowledged service, and 73 days had expired since Defendant Ridings was served. Plaintiff served Defendant Ridings by serving her attorneys in fact.

## II. DISCUSSION

### 1. Jurisdiction

Before considering the merits of Defendant Rockmore's Motion for Default Judgment, it is appropriate for this Court to first consider whether it has subject matter jurisdiction over this case and personal jurisdiction over the parties. This interpleader action was filed pursuant to 28 U.S.C. § 1335, which affords federal subject matter jurisdiction over "any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, 'are claiming or may claim to be entitled to such money or property,' if the plaintiff has deposited the money or property with the court." New York Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983) (quoting 28 U.S.C. § 1335(a)(1)) (footnote omitted). Personal jurisdiction over statutory interpleader claimants is available through the nationwide service of process provisions of 28 U.S.C. § 2361.

In this case, federal subject matter jurisdiction exists because the proceeds of the insurance policy are worth more than $500, two or more adverse claimants are of diverse citizenship, and Plaintiff has deposited the res with the Court. Furthermore, this Court has personal jurisdiction over all claimants because all have been served with process within the United States. Accordingly, this Court has jurisdiction to consider the merits of Defendant Rockmore's Motion for Default Judgment.

## 2. Default Judgment

Obtaining a default judgment is a two step process: the entry of default by the clerk and the subsequent entry of a default judgment by either the clerk or the court. See 10 MOORE'S FED. PRACTICE § 55.10[1] (3d ed. 2007); FED. R. CIV. P. 55. An entry of default and subsequent entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res. See Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.4 (4th Cir. 1984); New York Life Ins. Co., 700 F.2d at 95-96; Sun Life Assur. Co. of Canada v. Conroy, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

In this case, the clerk of court made an entry of default (Doc. 23) against Defendants Strickland and Ridings because they did not file an answer and claim to the property. As the sole remaining claimant, Defendant Rockmore is entitled to the res. Accordingly, it is hereby ordered that: (1) default judgments be entered against Defendants Strickland and Ridings and in favor of Defendant Rockmore; (2) the proceeds of the insurance policy, which have been deposited into the Registry of the Court, are to be paid to Defendant Rockmore; (3) Defendants Strickland and Ridings are restrained from instituting any action against Plaintiff Valley Forge affecting the life insurance benefits that are being paid to Defendant Rockmore; and (4) Plaintiff Valley Forge is discharged from further liability under the policy by reason of the death of Henry D. Ridings. See Complaint, Prayer for Relief. Because Plaintiff Valley Forge is an insurance company and the claims in this case were of the type that arise in the ordinary course of business and were not difficult to resolve, this Court, in the exercise

of its discretion, finds that Plaintiff is not entitled to any of the costs, expenses, or attorneys fees it incurred in bringing this interpleader action.  See e.g., Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co., 537 F. Supp. 1147, 1150 (M.D. Ga. 1982) (stating that "attorneys fees should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business and are not difficult to resolve").

### III.    CONCLUSION

For the aforementioned reasons, Defendant Rockmore's Motion for Default Judgment is granted.

**SO ORDERED**, this the 18th day of April, 2008.

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

dhc